UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L.A., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 1:25-cv-596-MPB-TAB |
| ) | |
| MIKE BRAUN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' RESPONSE TO MOTION TO MAINTAIN UNDER SEAL

**COME NOW** Plaintiffs, by their counsel, and respond to the defendants' ("State's") Motion to Maintain Under Seal (Dkt. 51) as follows:

1. On May 26, 2025, the adult plaintiff in this cause filed her Motion to Proceed Under Pseudonym of "Jane Doe" (Dkt. 37), in which she seeks leave to proceed pseudonymously in this case. The State responded to that request on June 9, 2025 (Dkt. 50) and supported its response with the affidavit of one of its attorneys (Dkt. 50-1). Both of these documents were filed under seal given the potential that they might reveal Jane Doe's identity, although the State noted in its request to maintain these documents under seal that it did not believe that any of the materials in its filings should be treated as confidential. (Dkt. 51 at 2 [¶ 4]).

2. Ms. Doe's request to proceed pseudonymously is now fully briefed. (Dkt. 56). If that request is granted, materials likely to reveal Ms. Doe's identity should

1

obviously be maintained under seal. *See, e.g., Doe v. Progressive Casualty Ins. Co.*, 2023 WL 5960772, at *2-3 (N.D. Cal. Aug. 21, 2023) (granting a motion "to seal information that would reveal Plaintiff's identity" in conjunction with deciding that the plaintiff should be permitted to proceed pseudonymously). Given this:

    a.    The Declaration of Justin A. Miller (including its attachments) (Dkt. 50-1) should be maintained under seal in its entirety. This declaration exclusively concerns Ms. Doe's identity, is rife with Ms. Doe's real name, image, and other identifying information, and cannot be meaningfully redacted for the public record without revealing Ms. Doe's real name.

    b.    On the other hand, while portions of the State's response brief (Dkt. 50) are likely to reveal Ms. Doe's identity should they be filed in the public record, that brief largely consists of legal argument and the brief may therefore be redacted in a meaningful way while preserving Ms. Doe's anonymity. The as-filed brief should therefore be maintained under seal but the State should be ordered to file a version of the brief in the public record with the following excerpt redacted: on page 7, the sentence beginning "One post advertises" through the end of the paragraph in which that sentence appears. Because this excerpt contains direct quotations from Ms. Doe's Facebook page, it may be utilized to identify Ms. Doe and should remain under seal.

    3.    As the State notes, whether the Declaration of Justin A. Miller (Dkt. 50-1) and the unredacted version of the State's response brief (Dkt. 50) should be maintained under seal rises and falls on whether this Court allows Ms. Doe to proceed pseudonymously. If this Court denies that request, the plaintiffs agree that there is no basis to maintain the State's filings under seal. However, to allow the plaintiffs the opportunity to evaluate their options, they request that the unsealing of these materials be delayed for a period of at least thirty days following the denial of Ms. Doe's motion. *See, e.g., Doe v. Village of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016) (holding that "denials

of motions for leave to proceed anonymously are immediately appealable because they meet the three elements of the collateral order doctrine").

**WHEREFORE,** the plaintiffs file their response to the State's Motion to Maintain Under Seal (Dkt. 51), and request all proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiffs and the Putative Class