UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| L. A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00596-MPB-TAB |
| | ) | |
| MIKE BRAUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON AUGUST 1, 2025, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel August 1, 2025, for a telephonic status conference. Discussion held regarding a discovery dispute. The parties dispute whether Defendants may utilize information covered by a protective order [Filing No. 32] to intervene in a separate action.

By way of background, Plaintiffs challenge the validity of an Indiana executive order barring the recognition of genders inconsistent with the genders assigned at birth. Plaintiffs bring this action on their own behalf and on behalf of others who are unable to change the gender marker on their Indiana birth certificates. Plaintiff L.A. is a transgender minor who obtained a state court order requiring the local health department to issue a new birth certificate reflecting her preferred gender. Defendants were not parties in L.A.'s state court action, and a state court order prevents all public access to that case, including the case number. During discovery in this action, Plaintiffs produced a document containing the redacted case number for L.A.'s state court case. In response to Defendants' request for an unredacted copy and after the approval of a protective order [Filing No. 32], Plaintiffs produced an unredacted copy that disclosed the case number for the state court case. Defendants now want to utilize the protected case number to intervene in the state court case and challenge the state court order.

1

Defendants argue that the protective order does not bar the use of the case number to intervene in the state court case or, alternatively, the protective order should be modified to allow such use. The Court disagrees. First, the protective order clearly prevents use of protected information in ancillary matters by restricting use "solely for the preparation, trial, and any appeal of this action . . . and for no other purpose." [Filing No. 32, at ECF p. 4.] Moreover, this Court has previously barred litigants from using protected discovery materials in other matters. *Morris v. Mid-Century Inc., Co.*, No. 1:12-cv-578-SEB-DML, 2013 WL 415631, at *3 (S.D. Ind. Jan. 31, 2013) ("[I]t is appropriate to restrict a party from using or disseminating discovery materials that his adversary reasonably regards as confidential, sensitive, non-public information. A litigant has no right to use the discovery process in a case in the pursuit of some larger agenda outside the immediate litigation."). Second, Defendants have not shown good cause to modify the Court-approved protective order to which they recently agreed. *See Heraus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018) (placing the burden of showing good cause to modify a protective order on the party seeking modification). Defendants' argument that intervention in the state court action is relevant to this case lacks merit. Defendants are not trying to use the protected information in this case; they are trying to use it in ancillary litigation. This does not support modifying the protective order.

The parties properly alerted the Court to this discovery dispute by complying with S.D. Ind. Local Rule 37-1 before filing a formal motion. Based upon the parties' brief submissions and the limited argument at the August 1, 2025, status conference, the Court finds that the protective order [Filing No. 32] bars the use of protected information exchanged in discovery in any other action, including L.A.'s state court case. However, if Defendants wish to file a formal motion to modify the protective order to create a more robust record and perhaps more comprehensive

briefing, they have leave to do so until August 15, 2025. Nevertheless, the Court does not anticipate that a formal motion and additional briefing will result in a different outcome.

Date: 8/1/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email