UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L.A., *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   No: 1:25-cv-596-MPB-TAB |
| | ) |
| MIKE BRAUN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**Objection to Order Denying Plaintiff's Motion to Proceed Under Pseudonym**

Plaintiff Jane Doe has sought leave to proceed by a pseudonym in this matter (Dkt. 37), which was denied by an Order of the Magistrate Judge on July 23, 2025 (Dkt. 78). That Order requires the plaintiff to withdraw from the lawsuit, identify another member of the putative class willing to be named as a plaintiff, or file an amended complaint that uses her name by August 6, 2025. (Dkt. 78 at 11). Ms. Doe hereby files her objection under Federal Rule of Procedure 72(a) to the Magistrate Judge's Order.

**Legal Standard**

"Federal Rule of Civil Procedure 72(a) allows district courts to consider timely objections to magistrate court orders 'and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Hanwha Corp. v. Heartland Mach. & Eng'g, LLC*, 2024 WL 136864, at *1 (S.D. Ind. Jan. 11, 2024) (quoting *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)). This is a deferential standard, and an order is clearly erroneous when

[1]

the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## Argument

I.    Introduction

Ms. Doe seeks to proceed anonymously in this matter for two reasons: (1) having to disclose her name would require her to sustain the precise injury one of her claims—that based on her constitutional right to privacy—seeks to avoid; and (2) being required to proceed by her name could subject her to harassment, violence, or discrimination. (Dkt. 37-1 ¶¶ 6-10, 14). The State is aware of her identity and cannot contend any prejudice by her being permitted to proceed anonymously.

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Both of Ms. Doe's grounds for seeking to proceed pseudonymously constitute such "exceptional circumstances," and the Magistrate Judge erred in concluding otherwise.

II.    Right to privacy claim

The Magistrate Judge articulated Ms. Doe's argument that "requiring her to disclose her actual name to litigate this case will require her to sustain the very injury this litigation seeks to prevent—the invasion of privacy that will occur if the gender marker

[2]

on her license does not match her gender identity." (Dkt. 78 at 4-5).  But the Magistrate Judge did not address, and therefore did not evaluate, whether this formed an "exceptional circumstance" justifying proceeding pseudonymously.  This was legal error.

In addition to her claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Ms. Doe raises a separate claim under the Due Process Clause regarding the forced disclosure of her transgender status by having the gender marker on her birth certificate not match her gender identity.  (Dkt. 34 at 22). Due process claims turning on the right of privacy often inherently involve the party's legal entitlement to maintain certain information confidentially.  Sometimes the nature of the assertedly private information does not require the disclosure of that information in litigation.  *See, e.g., Denius v. Dunlap*, 209 F.3d 944, 956-57 (7th Cir. 2000) (certain medical and financial records). But this is not one of those cases: here, the assertedly private information—Ms. Doe's transgender status—must be disclosed to allow her to litigate a highly publicized lawsuit challenging the constitutionality of a gubernatorial order.  In cases like this one, being required to litigate such issues under one's own name would itself negate the privacy interest asserted.  As a result, these cases are appropriately litigated pseudonymously as an "exception" to the typical rule.  *See, e.g., Doe v. Gray*, 75 F.4th 710 (7th Cir. 2023) (involving the right to privacy regarding party's sexual orientation and gender identity); *Doe v. City of Lafayette, Ind.*, 377 F.3d 757 (7th Cir. 2004) (challenging ordinance allegedly punishing party for private thoughts).

This is precisely such a case. There is no dispute that Ms. Doe has a feminine first name, presents as female, and has caused all of her other legal documents to be re-issued, identifying her gender as female. There can hardly be any dispute, then, that the challenged Executive Order will require her to disclose her transgender status whenever she is forced to provide a person or entity with the sole document that incorrectly identifies her—the birth certificate the Executive Order prohibits her from changing. The question is whether that forced disclosure violates her constitutional right to privacy, and Ms. Doe should not be required to give up that privacy in order to litigate the issue.

The Magistrate Judge's failure to consider this as an independent basis to find the required "exceptional circumstance" constitutes legal error, and this Court should grant Ms. Doe's motion to proceed anonymously on this basis.

III.     Ms. Doe faces a substantial risk of harm if her name is disclosed

The Magistrate Judge's conclusion regarding Ms. Doe's other ground for anonymity was also erroneous. The Seventh Circuit has directed that "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court—may justify anonymity." *Doe v. Trs. of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024), *cert. denied sub nom. Doe v. The Trs. of Indiana Univ.*, 145 S. Ct. 546 (2024). The Magistrate Judge erred in the application of this legal standard to the facts of this case.

The Magistrate Judge's order makes clear that one fact was determinative to the conclusion that Ms. Doe has not established the requisite "substantial risk of harm": that while Ms. Doe articulated fears of being targeted for harassment, abuse, and violence on the basis of her transgender status, she did not identify a specific threat that she had received or specific evidence of a threat she might receive in the future if her identity were revealed. (Dkt. 78 at 7-8, 10). This fails to take into account the inherent and obvious danger that a transgender woman places herself in by very publicly attacking a policy of the Governor on this controversial subject, and it simply sets the bar much higher than the legal standard articulated in *Doe v. Trustees of Indiana University*. This constitutes error.

In that case, the Seventh Circuit recognized that some litigants may face "improper retaliation," defined as "private responses unjustified by the facts as determined in court," if not permitted to proceed anonymously. *Doe v. Trs. of Indiana Univ.*, 101 F.4th at 493. In a case decided shortly thereafter, also authored by Judge Easterbrook, that Court provided an example of such "improper retaliation" that might "warrant secrecy": "animus toward people with unpopular religious beliefs." *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024), *reh'g denied*, No. 22-2925, 2024 WL 2818036 (7th Cir. June 3, 2024) (citation omitted).

In his Order, the Magistrate Judge recognized that "[t]here is no denying that transgender individuals face discrimination, harassment, and violence because of their

[5]

gender identity." (Dkt. 78 at 5 [citing *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017), *abrogated on other grounds recognized by Illinois Repub. Party v. Pritzker*, 73 F.3d 760 (7th Cir. 2020)]).[1] And although the Magistrate Judge referenced the "animus" example articulated in *Loyola University*, the Order fails to note this example illustrates that improper retaliation can be based upon group animus, rather than a specific, personal threat. (Dkt. 78 at 8). Because Ms. Doe had not "identified any actual threats she has received or provided any evidence beyond mere speculation" (Dkt. 78 at 7-8) about the harassment she might face if her identity were disclosed, the Magistrate Judge concluded her motion should be denied.

While it is true that the Seventh Circuit indicated in *Doe v. Indiana University*, that the plaintiff there was not entitled to procced by anonymous name because, among other reasons, he did not identify actual retaliatory threats to himself, the Seventh Circuit certainly was not suggesting that personal threats were the only determinative factor. As

---

[1] Were this not enough, the Court can certainly take judicial notice of the fact that transgender people are subject to harassment and violence on the basis of their status. *See, e.g.*, Human Rights Campaign, "Fatal Violence Against the Transgender and Gender-Expansive Community in 2024," https://www.hrc.org/resources/fatal-violence-against-the-transgender-and-gender-expansive-community-in-2024, last visited Aug. 8, 2025 (documenting at least 32 hate-crime murders of transgender people in 2024); GLAAD Anti-LGTBQ Hate and Extremism: Where we stand today, https://glaad.org/anti-lgbtq-extremism-reporting-tracker/, last visited Aug. 8, 2025 (tracking reported anti-LGBTQ incidents in the US since June 1, 2022). This risk is elevated now given that the public has received large doses of harsh anti-transgender rhetoric. *See, e.g.*, PBS News, *Why anti-transgender political ads are dominating the airwaves this election*, Nov. 2, 2024, https://www.pbs.org/newshour/show/why-anti-transgender-political-ads-are-dominating-the-airwaves-this-election (last visited Aug. 4, 2025); *Jones v. Ill. Dept. of Rehab. Servs.* 689 F.2d 724, 728 (7th Cir. 1982) (taking judicial notice of a rubella epidemic thirty-years prior and its effect on births of hearing-impaired infants).

the Magistrate Judge recognized, being the named plaintiff in a "highly publicized federal lawsuit challenging a gubernatorial order" subjects the plaintiff to a heightened degree of public notoriety. (Dkt. 78 at 10). This notoriety is an invitation to the violence that even anonymous transgender persons face, let alone those who publicly take a stand for themselves and all other transgender Hoosiers. The legal standard articulated by the Seventh Circuit does not require Ms. Doe to point to a specific threat already received, or certainty regarding a future threat, to be afforded the protection of proceeding anonymously.

## Conclusion

For all of the above reasons, Ms. Doe objects to the Order issued by the Magistrate Judge denying her motion to proceed pseudonymously. Ms. Doe requests that this Court sustain her objection and grant her motion to proceed under a pseudonym.

        Stevie J. Pactor
        Kenneth J. Falk
        Gavin M. Rose
        Joshua Bleisch
        ACLU of Indiana
        1031 E. Washington St.
        Indianapolis, IN 46202
        317/635-4059
        fax: 317/635-4105
        spactor@aclu-in.org
        kfalk@aclu-in.org
        grose@aclu-in.org
        jbleisch@aclu-in.org

        Attorneys for Plaintiffs and the

Putative Class

Case 1:25-cv-00596-MPB-TAB Document 83 Filed 08/06/25 Page 8 of 8 PageID #: 2679