UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L. A.,<br>JANE DOE,<br><br>        Plaintiffs,<br><br>        v.<br><br>MIKE BRAUN,<br>LARRY K. ERVIN,<br><br>        Defendants. | No. 1:25-cv-00596-MPB-TAB |

## ORDER AFFIRMING MAGISTRATE JUDGE DECISION

This matter is before the Court on Plaintiff Jane Doe's Appeal of Magistrate Judge Decision. (Docket No. 83). For the reasons below, Plaintiff's Appeal, (Docket No. 83), is **OVERRULED**, and Judge Baker's decision, (Docket No. 78), is **AFFIRMED**.

### I.     Background

Plaintiff Jane Doe is a transgender adult who identifies as female. Plaintiff obtained a state court order directing the Indiana Department of Health to change the sex designation on Plaintiff's birth certificate from male to female but is unable to do so because of Defendant Governor Braun's Executive Order 25-36 and Defendant Larry Ervin's reliance on that Order. Plaintiff L.A., a minor, initiated this lawsuit,[1] (Docket No. 1), which Plaintiff Jane Doe joined on May 26, 2025, (Docket No. 34), as a representative of a putative class. Doe filed a Motion to Proceed Under Pseudonym that same day. (Docket No. 37). The Court referred the matter to Magistrate Judge Baker under Federal Rule of Civil Procedure 72(a). Defendants opposed the request to proceed pseudonymously. (Docket No. 50).

---

[1] There is no challenge to Plaintiff L.A.'s ability to proceed under a pseudonym. Federal Rule of Civil Procedure 5.2(a)(3) requires the use of initials for minors.

On July 23, 2025, Judge Baker issued an Order denying Plaintiff's request to proceed under a pseudonym. (Docket No. 78). Plaintiff was given fourteen days to: (1) choose to withdraw from the lawsuit, (2) identify another member of the putative class willing to come forward and serve as a party, or (3) file an amended complaint with Plaintiff's name. Before the end of the fourteen-day window, Plaintiff appealed the decision, (Docket No. 83), and Defendants responded, (Docket No. 90). Plaintiff replied on August 28. (Docket No. 93).

## II.     Legal Standard

District courts may refer non-dispositive pretrial matters to a magistrate judge for decision. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If a party objects to the magistrate judge's decision within fourteen days, the district court must consider the objection and set aside any part of the magistrate judge's decision "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "In short, the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014) (citation omitted). The clear error standard is highly deferential and permits reversal only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). An order is deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 1:14-cv-956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation omitted).

## III.    Discussion

Allowing a party to proceed under a pseudonym is left to "the discretion of the district court." *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). "The presumption in favor of open proceedings where the parties are identified is both powerful and longstanding." *Doe v. Ind. Univ.-Bloomington*, 720 F. Supp. 3d 694, 698 (S.D. Ind. 2024) (citation modified). While some

district courts use a multifactor approach in deciding anonymity, *see id.* at 699, the Seventh Circuit recently "rejected this approach," *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *3 (7th Cir. Mar. 27, 2025). Instead of a formulaic approach, courts decide whether "exceptional circumstances justify the use of a fictitious name for an adult party." *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) (citation modified). Proceeding pseudonymously is appropriate if a plaintiff demonstrates "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). But a party cannot proceed under a pseudonym "to avoid reputational damage or embarrassment." *Young*, 2025 WL 927320, at *2.

Here, Plaintiff Jane Doe advocated for anonymity under the multifactor test adopted in *Does v. City of Indianapolis*, No. 1:06-cv-865, 2006 WL 2289187, at *1–2 (S.D. Ind. Aug. 7, 2006). (*See* Docket No. 42 at ECF pp. 3–9). Judge Baker properly observed that the Seventh Circuit rejected this multifactor approach in two recent cases. (*See* Docket No. 78 at ECF pp. 3–4) (citing *Trs. of Ind. Univ*, 101 F.4th at 491; *Young*, 2025 WL 927320, at *3). Judge Baker then framed the question as "whether the adult Plaintiff here can justify the request to proceed anonymously . . . due to either a substantial risk of harm or improper retaliation from a third party." (*Id.* at ECF p. 4). In answering that question, Judge Baker acknowledged Plaintiff's arguments that proceeding under Doe's actual name would expose Doe to harm and would "require [Plaintiff] to sustain the very injury this litigation seeks to prevent—the invasion of privacy[.]" (*Id.*). But Judge Baker found that "the specific facts in this case differ" from cases demonstrating exceptional circumstances allowing litigants to proceed pseudonymously. (*Id.* at ECF p. 5). Because Plaintiff did not "present[] any actual evidence of threats or concerns of

3

specific harm," the magistrate judge concluded that Plaintiff "failed to demonstrate that the balance of harm justifie[d]" pseudonymous litigation. (*Id.* at ECF pp. 6, 10).

On appeal, Plaintiff argues that Magistrate Judge Baker's decision was clearly erroneous for two reasons. First, Plaintiff maintains that Judge Baker "did not address, and therefore did not evaluate" whether Plaintiff's argument that proceeding without a pseudonym would cause Doe to suffer the very same privacy injury that the lawsuit sought to avoid was an "independent basis" warranting anonymity. (Docket No. 83 at ECF pp. 3–4). Second, Plaintiff argues that Judge Baker erred in applying the substantial risk of harm standard to the facts of this case. Specifically, Plaintiff maintains that the ruling erroneously required Plaintiff "to point to a specific threat already received, or certainty regarding a future threat." (*Id.* at ECF p. 7). Neither of these arguments are grounds for setting aside Judge Baker's decision.

As to Plaintiff's first argument, there is no Seventh Circuit caselaw that holds Plaintiff's asserted privacy claim constitutes an "independent basis" for finding exceptional circumstances that warrant a litigant to proceed pseudonymously.[2] (*Id.* at ECF p. 4). Plaintiff argues that in cases like this "being required to litigate such issues under one's own name would itself negate the privacy interest asserted" in avoiding the disclosure of one's transgender identification. (*Id.* at ECF p. 3). But Plaintiff does not identify any legal authority mandating that conclusion. Plaintiff cites *Doe v. Gray*, 75 F.4th 710 (7th Cir. 2023), and *Doe v. City of Lafayette*, 377 F.3d 757 (7th Cir. 2004) (en banc)), to support this proposition, but those cases say nothing about the justifications for anonymity. Instead, the Seventh Circuit has clarified that plaintiffs can proceed

---

[2] Defendants argue that Plaintiff raises both their arguments "for the first time in the Objection" because Plaintiff argued for anonymity under the six-factor approach refuted by the Seventh Circuit. (Docket No. 90 at ECF p. 11). As a result, Defendants press that this Court should not consider arguments that were not presented to Magistrate Judge Baker. But these arguments *were* before Judge Baker, albeit in the wrong legal framework. This Court will not treat Plaintiff's arguments as raised for the first time on appeal.

4

under a pseudonym if they show that they are subject to a substantial risk of physical harm or retaliation by third parties. *Trs. of Ind. Univ.*, 101 F.4th at 491. Judge Baker did not commit clear error by not treating Plaintiff's privacy argument as an independent justification for anonymity. *Domanus*, 742 F.3d at 295. The privacy argument was properly treated under Judge Baker's general analysis of Plaintiff's risk of harm.

Nor did Judge Baker "err[] in the application" of the substantial risk of harm standard to the facts of this case. (Docket No. 83 at ECF p. 4). Judge Baker concluded that Plaintiff did not "present specific, concrete evidence of substantial harm" that Plaintiff would face if unable to proceed pseudonymously. (Docket No. 78 at ECF p. 10). In reaching that conclusion, Judge Baker acknowledged that "transgender individuals face discrimination, harassment, and violence because of their gender identity," (*id.* at ECF p. 5) (quoting *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017)), and that statewide publicity could result in the legitimate fear of physical harm. But ultimately, Judge Baker found that the "specific facts" here differed from "district court decisions in the Seventh Circuit that found exceptional circumstances" justifying pseudonymous litigation. (Docket No. 78 at ECF p. 5).

Judge Baker cited a host of caselaw to support his ruling. For example, in *Doe v. Board of Trustees of the University of Illinois*, No. 19-cv-1107, 2020 WL 13883397, at *2 (C.D. Ill. Apr. 13, 2020), the court concluded that a transgender plaintiff could proceed anonymously and highlighted plaintiff's "credible, in-person threats of physical harm and death as a result of the events leading up to th[e] litigation." And in *Doe v. Pence*, No. 1:16-cv-2431, 2016 WL 11578507, at *1 (S.D. Ind. Nov. 22, 2016), this Court found exceptional circumstances warranted anonymity where a transgender plaintiff produced evidence that police officers ridiculed and detained plaintiff "because of the incongruence between his given name and his physical

5

appearance." Here, Judge Baker observed, Plaintiff Jane Doe did not present similar evidence and rather raised "generalized fears, despite filing multiple declarations." (Docket No. 78 at ECF p. 6). While Judge Baker was sympathetic to "the fact that transgender-related issues may spark volatile reactions," he concluded that "[g]eneral, speculative fear does not establish 'exceptional circumstances' under controlling Seventh Circuit law." (*Id.* at ECF pp. 6–7).

Plaintiff argues that this ruling "sets the bar much higher than the legal standard articulated" by the Seventh Circuit in *Doe v. Trustees of Indiana University*. (Docket No. 83 at ECF p. 5). But there, the Seventh Circuit noted that plaintiff's generalized risk of "stigmatization from the community and the public at large" was not enough to justify anonymity. *Trs. of Ind. Univ.*, 101 F.4th at 492. The court also highlighted the lack of information showing that plaintiff "face[d] a risk of physical harm or retaliation." *Id.* Plaintiff's argument that Judge Baker set the bar too high is not persuasive; a review of his decision shows that he followed Seventh Circuit authority in denying Plaintiff's request to proceed under a pseudonym.[3] Plaintiff is unable to show that Judge Baker misapplied "relevant . . . case law." *Coley*, 2016 WL 427518, at *1.

At bottom, Plaintiff Jane Doe does not identify a clear error made by Judge Baker. His decision is entitled to deference and will be reversed only if this Court "is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. On appeal, Plaintiff does not identify such a mistake. Judge Baker identified the proper legal test, considered Plaintiff's arguments, and issued a ruling in line with the facts before him. Judge Baker's decision to deny Plaintiff Jane Doe's request to proceed pseudonymously was not clearly erroneous.

---

[3] In the initial briefing before Judge Baker, the parties discussed Plaintiff's publicly accessible Facebook page that identifies Plaintiff as transgender. (*See* Docket Nos. 50 at ECF pp. 2, 8; 56 at ECF pp. 7–10). Ultimately, Judge Baker determined that Plaintiff's Facebook presence was "not outcome determinable here." (Docket No. 78 at ECF p. 10). The basis for his decision turned solely "on the fact that Plaintiff . . . failed to present" evidence of substantial harm. (*Id.*).

## IV. Conclusion

Plaintiff Jane Doe's Appeal of Magistrate Judge Decision, (Docket No. 83), is **OVERRULED**. Judge Baker's decision to deny Plaintiff's request to proceed pseudonymously is **AFFIRMED**. (Docket No. 78). Within seven (7) days of this Order, Jane Doe must choose one of the following courses of action: (1) withdraw from the lawsuit, (2) identify another member of the putative class willing to come forward and serve as a party, or (3) disclose Jane Doe's name.

**IT IS SO ORDERED.**

Dated: September 26, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.